Maria Felicia Ciaccia *vs.* The General Fire
Extinguisher Co.

FEBRUARY 3, 1922.

Present: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

(1) *Workmen's Compensation Act. Parties. Commutation.*

On petition of a widow for commutation of weekly payments under the Workmen's Compensation Act, the minor children of deceased must be joined as parties.

(2) *Workmen's Compensation Act. Commutation. Appeal.*

Where the record shows no evidence on a ground alleged for commutation of weekly payments under the Workmen's Compensation Act, such claim will not be considered on appeal.

PETITION under Workmen's Compensation Act. Heard on appeal of petitioner and dismissed.

VINCENT, J.   This is an appeal by Maria Felicia Ciaccia, from a decree of the Superior Court denying her petition for a commutation of the future payments which would become due to her under the Workmen's Compensation Act.

On November 6, 1920, the husband of Maria sustained injuries in the course of his employment by the respondent Fire Extinguisher Co. which, a few days later, resulted in his death.   He left a widow and two minor children.

On December 31, 1920, an agreement was entered into which was duly filed in, and approved by, the Superior Court which provided for the payment to the petitioner, as the widow of the deceased, the sum of ten dollars per week for a period of three hundred weeks

On June 18, 1921, said payments having been made for a period of more than twenty-six weeks, the said Maria filed her petition in the Superior Court praying that the future weekly payments be commuted.

On June 29, 1921, this petition was heard in the Superior Court and on September 14, 1921, the same was denied and the following decree entered.   "(1)   It appears that the petitioner is the mother of two minor children, Fillipo and Cosimo, aged 14 and 12 respectively; that no provision is made in said petition for the protection of the interests of said minor children in said future compensation payments should the petitioner predecease said children within the time of the remaining compensation period.   (2) That commutation of future payments is not for the best interests of the petitioner."

From this decree the petitioner has appealed to this court, setting forth in her reasons of appeal that the findings of the Superior Court, as expressed in its decree, are erroneous and against the law.

At the hearing in the Superior Court it was claimed by the Fire Extinguisher Co. that the minor children of the de-

ceased employee should be made parties to the petition, either as petitioners or respondents, on the ground that their possible rights and interests in future payments were necessarily involved; and that the employer and insurer were entitled to protection against their future claims in case the widow should die within the compensation period.

We think that the children were necessary parties to the proceeding. If the widow should not live through the compensation period, the children, upon her death, would become entitled to the compensation, thereafter payable, for their own use under Section 6, Article II of the act. These rights of the children are contingent but they are nevertheless legal rights which must be considered. These rights cannot be extinguished unless the children are made parties and are before the court.

The employer is also entitled to protection. If the children are not parties to the petition, any decree entered thereon commuting future payments would not bind them. Upon the death of the petitioner within the compensation period, the children could, under the plain terms of the statute, legally call upon the employer to make payments to them thereafter for the portion of the three hundred weeks then remaining.

The petitioner further contends that she is entitled to have a commutation of future payments on the ground that she is about to remove from the United States and take up her residence in Italy.

There is nothing before us to show that any evidence was presented to the Superior Court to the effect that the petitioner was about to remove from the United States and we see no occasion for any consideration of that feature of the petitioner's claim.

The appeal of the petitioner is dismissed, the decree of the Superior Court is affirmed, and the cause is remanded to said court for further proceedings.

*William A. Gunning*, for petitioner.
*Ralph T. Barnefield*, for respondent.